IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Tamera Brown, et al., | : | Case Number: 1:18cv412 |
| Plaintiffs, | : | Judge Susan J. Dlott<br>Magistrate Judge Karen L. Litkovitz |
| | : | |
| v. | | **ANSWER OF CITY DEFENDANTS** |
| | : | **TO FIRST AMENDED** |
| City of Cincinnati, et al., | | **COMPLAINT WITH** |
| | : | **AFFIRMATIVE DEFENSES AND** |
| Defendants. | | **JURY DEMAND** |

Defendants City of Cincinnati ("the City"), Mayor Cranley, Lieutenant Pettis, Mr. Duhaney, Mr. Black, and Chief Isaac (collectively, "the City Defendants"), by and through the undersigned counsel,[1] answer Plaintiffs' First Amended Complaint as follows:

1. As to Paragraphs 1 and 2 concerning identification of the plaintiffs, the City admits.

2. As to Paragraph 3, the City Defendants admit the City is a municipality so organized.

3. As to Paragraphs 4 through 8 concerning identification of the individual City Defendants, the City admits.

4. The allegations in Paragraph 9 are directed to another defendant (Sentinel Police Association) and warrant no response here.

5. As to Paragraph 10, the City Defendants deny any violations.

---

[1] In this action, Lieutenant Pettis is to be represented in her individual capacity by additional counsel of record.

6. As to Paragraphs 11, 12, and 13, the City admits the Court has original jurisdiction over Plaintiffs' putative federal claims, and that venue is proper, but deny that Plaintiffs have any federal claim that would support supplemental jurisdiction.

7. As to Paragraphs 14 through 23, the City Defendants deny.

8. As to Paragraph 24, Lieutenant Pettis denies for want of knowledge and the remaining City Defendants deny.

9. As to Paragraphs 25 and 26, the City Defendants deny.

10. As to Paragraph 27, Lieutenant Pettis denies for want of knowledge and the remaining City Defendants deny.

11. As to Paragraph 28, Mayor Cranley, Mr. Duhaney, and Mr. Black deny for want of knowledge. The City, Chief Isaac, and Lieutenant Pettis deny to the extent that it is alleged that only the Plaintiffs and not also Defendant Pettis who transferred to other police districts in December 2017; otherwise they admit.

12. As to Paragraphs 29 through 32, the City Defendants deny.

13. As to Paragraphs 33, 34, and 35, Mayor Cranley, Mr. Duhaney, Mr. Black, and Chief Isaac deny for want of knowledge. The City and Lieutenant Pettis state that the EEOC charges attached to Plaintiffs' First Amended Complaint as Exhibits 4 and 5 speak for themselves.

14. As to Paragraph 36, Mayor Cranley, Mr. Duhaney, and Mr. Black deny for want of knowledge. To the extent that this paragraph alleges that Officer Brown did something other than copy Captain Mack on the email Plaintiffs attached to their First Amended Complaint as Exhibit 6, the City, Chief Isaac, and Lieutenant Pettis deny.

15. As to Paragraphs 37 and 38, the City states that Officer Brown's "internal complaint" which is attached to Plaintiffs' First Amended Complaint as Exhibit 6 speaks

2

for itself.

16. As to Paragraph 39, Mayor Cranley, Mr. Duhaney, and Mr. Black deny for want of knowledge. The City, Chief Isaac, and Lieutenant Pettis deny and state that the Internal Investigations Section report attached to Plaintiffs' First Amended Complaint as Exhibit 12 speaks for itself.

17. As to Paragraph 40, Mayor Cranley, Mr. Duhaney, and Mr. Black deny for want of knowledge. To the extent that this paragraph alleges that Officer Ludgatis did something other than copy Captain Mack on the email Plaintiffs attached to their First Amended Complaint as Exhibit 8, the City, Chief Isaac, and Lieutenant Pettis deny.

18. As to Paragraph 41, Mayor Cranley, Mr. Duhaney, and Mr. Black deny for want of knowledge. The City, Chief Isaac, and Lieutenant Pettis admit to her making of a request for an internal investigation into Sergeant Hils' conduct.

19. As to Paragraphs 42, 43, 44, 45, 46, 47, 48, 49, and 50, Mayor Cranley, Mr. Duhaney, and Mr. Black deny for want of knowledge. The City, Chief Isaac, and Lieutenant Pettis deny and state that the "report generated as a result of the aforementioned investigation" which is attached to Plaintiffs' First Amended Complaint as Exhibit 12 speaks for itself.

20. As to Paragraphs 51 and 52, the City Defendants deny for want of knowledge.

**First Cause of Action – 42 U.S.C. § 2000e-2(a)**

21. As to Paragraph 53, the City Defendants incorporate by reference the preceding responses.

22. As to Paragraphs 54 through 56, the City Defendants deny.

3

### Second Cause of Action – 42 U.S.C. § 2000e-3

23. As to Paragraph 57, the City Defendants incorporate by reference the preceding responses.

24. As to Paragraph 58, the City Defendants state that the statute speaks for itself.

25. As to Paragraphs 59 and 60, the City Defendants deny.

### Third Cause of Action – 42 U.S.C. § 2000e-2(m)

26. As to Paragraph 61, the City Defendants incorporate by reference the preceding responses.

27. As to Paragraphs 62 and 63, the City Defendants deny.

### Fourth Cause of Action – 42 U.S.C. § 2000e-5

28. As to Paragraph 64, the City Defendants incorporate by reference the preceding responses.

29. As to Paragraph 65, the City Defendants deny.

### Fifth Cause of Action – 42 U.S.C. § 1981a

30. As to Paragraph 66, the City Defendants incorporate by reference the preceding responses.

31. As to Paragraph 67, the City Defendants deny.

### Sixth Cause of Action – 42 U.S.C. § 1983-Free Speech

32. As to Paragraph 68, the City Defendants incorporate by reference the preceding responses.

33. As to Paragraphs 69, 70, 71, 72, and 73, the City Defendants deny.

### Seventh Cause of Action – R.C. §§ 4112.01, *et seq.*

34. As to Paragraph 74, the City Defendants incorporate by reference the

preceding responses.

35. As to Paragraphs 75, 76, 77, 78, and 79, the City Defendants deny.

## **AFFIRMATIVE DEFENSES**

1. Each City Defendant denies each and every statement, allegation, and averment contained in Plaintiffs' First Amended Complaint that is not specifically admitted by the named defendant to be true.

2. Actions the City Defendants took or did not take with respect to Plaintiffs were motivated by legitimate nondiscriminatory reasons, and not based on any actual or perceived protected status, discriminatory motive, or in retaliation for protected activity.

3. The City Defendants at all times acted in conformity with the law, in good faith, and without malice.

4. Plaintiffs fail to state a claim upon which relief may be granted.

5. Some or all of Plaintiffs' claims are barred by applicable statutes of limitations and/or the doctrine of equitable estoppel.

6. Plaintiffs failed to exhaust their administrative remedies.

7. Some or all of Plaintiffs' claims are beyond the scope of their administrative charges.

8. Plaintiffs lack standing to proceed on some or all of their claims.

9. Plaintiffs failed to mitigate damages, if any.

10. The City Defendants exercised reasonable care to prevent and correct any harassing, discriminatory, or retaliatory behavior and Plaintiffs unreasonably failed to take advantage of any preventive or corrective behavior or avoid harm otherwise.

11. Some or all of Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel.

5

12. Some or all of Plaintiffs' claims fail for lack of subject matter jurisdiction.

13. Plaintiffs failed to join all necessary and proper parties.

14. The provisions of R.C. Chapter 2744 bar some or all of Plaintiffs' claims.

15. The City Defendants are entitled to qualified immunity.

16. The City Defendants hereby give notice that they intend to rely upon and utilize any affirmative defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure that may become available or apparent during or upon completion of discovery and hereby reserve the right to amend their answer to assert such defenses.

## JURY DEMAND

City Defendants hereby demand a trial by jury.

**WHEREFORE**, having fully answered Plaintiffs' First Amended Complaint, the City Defendants pray that Plaintiffs' action be dismissed with prejudice at Plaintiffs' costs and the City Defendants be permitted to go henceforth without further costs or delay.

Respectfully submitted,

**PAULA BOGGS MUETHING (0080018)**
**CITY SOLICITOR**

*s/ Shuva J. Paul*
Peter J. Stackpole (0072103)
Shuva J. Paul (0088484)
801 Plum Street, Suite 214
Cincinnati, Ohio 45202
(513) 352-4551 / fax (513) 352-1515
peter.stackpole@cincinnati-oh.gov
shuva.paul@cincinnati-oh.gov
*Trial Attorneys for City Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 13th, 2018 a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/ Shuva J. Paul*
Shuva J. Paul (0088484)