IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Tamera Brown, et al., | : | Case Number: 1:18cv412 |
| Plaintiffs, | : | Judge Susan J. Dlott |
| | | Magistrate Judge Karen L. Litkovitz |
| | : | |
| v. | : | **ANSWER OF SENTINEL POLICE** |
| | | **ASSOCIATION AND DANITA** |
| City of Cincinnati, Ohio, et al., | : | **PETTIS IN HER INDIVIDUAL** |
| | | **CAPACITY TO PLAINTIFFS' FIRST** |
| Defendants. | : | **AMENDED COMPLAINT WITH** |
| | | **AFFIRMATIVE DEFENSES AND** |
| | : | **JURY DEMAND** |

Defendants Sentinel Police Association ("the Sentinels") and Lieutenant Danita Pettis ("Pettis"), in her individual capacity answer Plaintiffs' First Amended Complaint as follows:

1.      As to Paragraphs 1 and 2, The Sentinels and Lieutenant Pettis admit that Tamera Brown and Joy Ludgatis are white females. The Sentinels and Lieutenant Pettis deny for want of personal knowledge the remaining allegations in Paragraphs 1 and 2.

2.      As to Paragraph 3, The Sentinels and Lieutenant Pettis admit.

3.      As to Paragraph 4, the Sentinels and Lieutenant Pettis admit that John Cranley is the Mayor of the City of Cincinnati. The Sentinels and Lieutenant Pettis deny the remaining allegations for lack of personal knowledge.

4.      As to Paragraph 5, the Sentinels and Lieutenant Pettis admit.

5.      As to Paragraph 6, the Sentinels and Lieutenant Pettis admit that Patrick Duhaney is the Acting City Manager for the City of Cincinnati. The Sentinels and Lieutenant Pettis deny the remaining allegations for lack of personal knowledge.

6.     As to Paragraph 7, the Sentinels and Lieutenant Pettis admit that Harry Black is the former City Manager for the City of Cincinnati. The Sentinels and Lieutenant Pettis deny the remaining allegations for lack of personal knowledge.

7.     As to Paragraph 8, the Sentinels and Lieutenant Pettis admit that Eliot Isaac is the Chief of Police for the City of Cincinnati. The Sentinels and Lieutenant Pettis deny the remaining allegations for lack of personal knowledge.

8.     As to Paragraph 9, the Sentinels and Lieutenant Pettis admit that the Sentinel Police Association is a not-for-profit Ohio corporation.  The Sentinels and Lieutenant deny the remaining allegations.

9.     As to Paragraph 10, the Sentinels and Lieutenant deny any violations of law.

10.     As to Paragraphs 11, 12, and 13, the Sentinels and Lieutenant Pettis admit the Court has original jurisdiction over Plaintiffs' putative federal claims, and that venue is proper, but deny that Plaintiffs have any federal claim that would support supplemental jurisdiction.

11.     As to Paragraph 14, the allegations are not directed to the Sentinels or Lieutenant Pettis, but to the extent that they allege any conduct on the Sentinels or Lieutenant Pettis' part, the Sentinels and Lieutenant Pettis deny.

12.     As to Paragraph 15 through 18, the allegations in these paragraphs are not directed to the Sentinels or Lieutenant Pettis, but to the extent that they allege any conduct on the Sentinels or Lieutenant Pettis' part, the Sentinels and Lieutenant Pettis deny. The Sentinels further state that Federal and/or Consent Decree promotions have not been exclusively predicated on race. On at least one occasion in 2016, the City of Cincinnati using a double fill, which is exclusive to the Consent Decrees, promoted

2

Michelle Lehman, a female White and Eric Schank, a male White. Promotions under the Consent Decrees have benefited White males and females. Lieutenant further states that she did not achieve her rank as a result of a Consent Decree promotion, rather she scored 2nd on the Lieutenant examination administered October 6, 2014.

13.     As to Paragraph 19, the Sentinels and Lieutenant Pettis deny these allegations. The Sentinels and Lieutenant Pettis state that if there was a race-based double standard for discipline that condones misconduct for certain officers that would subject others to discipline, that double standard is detrimentally applied to Black officers.

14.     As to Paragraph 20, the Sentinels and Lieutenant Pettis deny. The Sentinels and Lieutenant Pettis further state that Plaintiffs are or should be aware that their allegations are not true. The preferred assignment details roster, which is a public record, clearly reflects that Black and White officers are assigned equally to preferred assignments. Further, Plaintiffs themselves in the past 24 months have enjoyed the benefit of preferred assignments. Plaintiff Brown has worked a significant number of hours on preferred detailed assignments, including but not limited to the Flying Pig, the Cincinnati Zoo, and the Cincinnati Public Library. Plaintiff Ludgatis has worked a significant number of hours on preferred detailed assignments, including but not limited to the Cincinnati Reds, Cincinnati Zoo, Avondale Comprehensive Development Corporation, Cincinnati Chamber of Commerce, Cintas Center, and the Flying Pig.

15.     As to Paragraph 21, the Sentinels and Lieutenant Pettis deny. The Sentinels and Lieutenant Pettis further state that the Sentinel Police Association is a non-profit corporation independent from the City of Cincinnati or City of Cincinnati Police Department similar to the Fraternal Order of Police. The Sentinel Police

Association primarily through Black officers and the Fraternal Order of Police primarily through White officers speak equally to media outlets regarding issues exclusive to the concerns of their organizations.

16.     As to Paragraph 22, the Sentinels deny. Lieutenant Pettis denies and further states that she has been disciplined more harshly than her White counterparts, and specifically more harshly than Plaintiffs and Dan Hils for conduct arising out of the same circumstances.

17.     As to Paragraph 23, the Sentinels and Lieutenant Pettis deny, and further states that they have no personal knowledge of the Cincinnati Police Department being more lenient in disciplining Black officers for criminal acts than White officers. The Sentinels and Lieutenant Pettis further state that if discipline is rendered more harshly by race, Black officers are disciplined more harshly because the FOP does not equally represent Black and White officers leaving Black officers to have to hire independent counsel or have an inexperienced representative during disciplinary proceedings.

18.     As to Paragraph 24, the Sentinels and Lieutenant Pettis deny for want of personal knowledge.

19.     As to Paragraph 25, the Sentinels and Lieutenant Pettis deny. The Sentinels and Lieutenant Pettis further state that the policies outlined by Plaintiffs are not the cause of racial tension and open hostility between officers of different races, rather it is the unequal and/or complete lack of representation and inclusion of Black officers by the FOP that facilitates racial tension and hostility.

20.     As to Paragraph 26, the Sentinels and Lieutenant Pettis deny.

21.     As to Paragraph 27, the Sentinels and Lieutenant Pettis deny for want of knowledge.

4

22.     As to Paragraph 28, the Sentinels deny for want of knowledge. Lieutenant Pettis denies to the extent that it is alleged that only the Plaintiffs were transferred. Lieutenant Pettis admits that Plaintiffs and she were all previously assigned to District 4 of the Cincinnati Police Department and Lieutenant Pettis was reassigned at the same time as Officers Brown and Ludgatis.

23.     As to Paragraph 29, the Sentinels deny. Lieutenant Pettis denies and further states that she has been the victim of Plaintiff Ludgatis' racism since 2015 when Ludgatis was first assigned to work under Lieutenant Pettis. After making several racist and inappropriate comments regarding Black ranking officers, Ludgatis was transferred.

24.     As to Paragraphs 30, the Sentinels deny. Lieutenant Pettis denies to that she has committed any criminal act as a police officer. Lieutenant Pettis further denies the remaining allegations.

25.     As to Paragraph 31, the Sentinels and Lieutenant Pettis deny. Lieutenant Pettis has not engaged in illegal conduct nor has she committed the specific alleged criminal offenses alleged in Plaintiff's complaint.

26.      As to Paragraph 32, the Sentinels and Lieutenant Pettis deny. Lieutenant Pettis further states that it is public record that she has never been given immunity for any perceived violation of City of Cincinnati policy, and that she has been disciplined at least equal to, and upon her information and belief, more than her White counterparts.

27.     As to Paragraph 33, the Sentinels and Lieutenant Pettis state that Exhibits 4 and 5 speak for themselves. Lieutenant Pettis further states that the right to sue letter was issues after the EEOC was unable to conclude that any violation of law occurred.

28.     As to Paragraphs 34 and 35, the Sentinels and Lieutenant Pettis state that the EEOC charges which are attached to Plaintiffs' First Amended Complaint as Exhibits

4 and 5 speak for themselves. Lieutenant Pettis further states that Plaintiffs' charges as detailed in Paragraphs 34 and 35 are unequivocally false.

29.     As to Paragraph 36, the Sentinels deny for want of knowledge. To the extent that this paragraph alleges that Officer Brown did something other than copy Captain Mack on the email Plaintiffs attached to their First Amended Complaint as Exhibit 6, Lieutenant Pettis denies.

30.     As to Paragraphs 37 and 38, the Sentinels and Lieutenant Pettis state that Officer Brown's "internal complaint" which is attached to Plaintiffs' First Amended Complaint as Exhibit 6 speaks for itself. Lieutenant Pettis further states that the allegations contained in Exhibit 6 are false.

31.     As to Paragraph 39, the Sentinels and Lieutenant Pettis deny. Lieutenant Pettis further states that Police Sgt. Dan Hils visited District 4 during 3rd shift roll call at a time Lieutenant Pettis was not on duty to demean and impugn her character, and relay false information to subordinate officers in attempt to undermine Lieutenant Pettis' credibility and cause division and turmoil within District 4.

32.     As to Paragraph 40, the Sentinels deny for want of knowledge.  To the extent that this paragraph alleges that Officer Ludgatis did something other than copy Captain Mack on the email Plaintiffs attached to their First Amended Complaint as Exhibit 8, Lieutenant Pettis denies. Lieutenant Pettis further denies that she subjected Ludgatis to verbal abuse.

33.     As to Paragraph 41, the Sentinels deny for want of knowledge. Lieutenant Pettis admits to making of a request for an internal investigation into Sergeant Hils' inappropriate conduct.

34.     As to Paragraph 42, the Sentinels deny for want of knowledge.  Lieutenant

Pettis denies and further states that Plaintiffs Brown and Ludgatis attempted to recruit other District 4 officers to join in their complaint. Plaintiffs went back to some officers as many as three times attempting to get the officers to join in their complaint.  Despite Plaintiffs continued harassment officers declined.

35.     As to Paragraph 43, the Sentinels deny for want of knowledge. Lieutenant Pettis denies the allegations in this Paragraph and further states that the "report generated as a result of the aforementioned investigation" which is attached to Plaintiffs' First Amended Complaint as Exhibit 12 speaks for itself. Lieutenant Pettis further states that any request that Brown and Ludgatis be transferred was a follow up to the 2015 request that Ludgatis not be assigned to the same district as Lieutenant Pettis. Lieutenant Pettis made this request after Ludgatis made numerous derogatory comments about Lieutenant Pettis and other Black officers, and after Lieutenant Pettis requested in 2015 that Ludgatis attend racial sensitivity classes.

36.     As to Paragraphs 44, 45, 46, 47, 48, 49, and 50, the Sentinels deny for want of knowledge.  Lieutenant Pettis denies the allegations in these paragraphs and states that she has had no personal contact with Brown or Ludgatis. Lieutenant Pettis further states that the only action she has taken against Brown and Ludgatis was the filing of an OCRC Complaint regarding the racist, hostile, and harassing behavior of Brown and Ludgatis toward Lieutenant Pettis, and reporting the same behavior up the chain of command within the Cincinnati Police Department.

37.     As to Paragraphs 51 and 52, the Sentinels and Lieutenant Pettis deny for want of knowledge. Lieutenant Pettis further states that based upon knowledge and belief gained through public records, Plaintiff Brown has long had the conditions she alleges she developed as a result of her encounter with Lieutenant Pettis.

7

### First Cause of Action – 42 U.S.C. § 2000e-2(a)

38.     As to Paragraph 53, the Sentinels and Lieutenant Pettis incorporate by reference the preceding responses.

39.     As to Paragraphs 54 through 56, the Sentinels and Lieutenant Pettis deny.

### Second Cause of Action – 42 U.S.C. § 2000e-3

40.     As to Paragraph 57, the Sentinels and Lieutenant Pettis incorporate by reference the preceding responses.

41.     As to Paragraph 58, the Sentinels and Lieutenant Pettis state that the statute speaks for itself.

42.      As to Paragraphs 59 and 60, the Sentinels and Lieutenant Pettis deny.

### Third Cause of Action – 42 U.S.C. § 2000e-2(m)

43.     As to Paragraph 61, the Sentinels and Lieutenant Pettis incorporate by reference the preceding responses.

44.     As to Paragraphs 62 and 63, the Sentinels and Lieutenant Pettis deny.

### Fourth Cause of Action – 42 U.S.C. § 2000e-5

45.     As to Paragraph 64, the Sentinels and Lieutenant Pettis incorporate by reference the preceding responses.

46.     As to Paragraph 65, the Sentinels and Lieutenant Pettis deny.

### Fifth Cause of Action – 42 U.S.C. § 1981a

47.     As to Paragraph 66, the Sentinels and Lieutenant Pettis incorporate by reference the preceding responses.

48.     As to Paragraph 67, the Sentinels and Lieutenant Pettis deny.

### Sixth Cause of Action – 42 U.S.C. § 1983-Free Speech

49.     As to Paragraph 68, the Sentinels and Lieutenant Pettis incorporate by

reference the preceding responses.

50.     As to Paragraphs 69, 70, 71, 72, and 73, the Sentinels and Lieutenant Pettis deny.

### Seventh Cause of Action – R.C. §§ 4112.01, *et seq.*

51.     As to Paragraph 74, the Sentinels and Lieutenant Pettis incorporate by reference the preceding responses.

52.     As to Paragraphs 75, 76, 77, 78, and 79, the Sentinels and Lieutenant Pettis deny.

### AFFIRMATIVE DEFENSES

1.     The Sentinels and Lieutenant Pettis deny each and every statement, allegation, and averment contained in Plaintiffs' First Amended Complaint that is not specifically admitted by the named Defendant to be true.

2.     Plaintiffs fail to state a claim upon which relief may be granted.

3.     Plaintiffs lack standing to proceed on some or all of their claims.

4.     Plaintiffs failed to mitigate damages, if any.

5.     Plaintiffs failed to join all necessary and proper parties.

6.     The provisions of Chapter 2744 of the Ohio Revised Code bar some or all of Plaintiffs' claims.

7.     Lieutenant Pettis is entitled to qualified immunity.

8.     The Sentinels and Lieutenant Pettis hereby give notice that they intend to rely upon and utilize any affirmative defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure that may become available or apparent during the course of discovery and hereby reserve the right to amend their answer to assert such defenses.

9. The Sentinels and Lieutenant Pettis reserve the right to raise any other defenses as shall become manifest during or upon completion of discovery and hereby reserve the right to amend the answer to assert such defenses.

## JURY DEMAND

The Sentinels and Lieutenant Pettis hereby demand a trial by jury.

Respectfully submitted,

*s/ Janaya Trotter Bratton*
Alphonse A. Gerhardstein (0032053)
Janaya Trotter Bratton (0084123)
Gerhardstein and Branch Co. LPA
441 Vine Street, Suite 3400
Cincinnati, Ohio 45202
(513) 621-9100 / fax (513) 345-5543
agerhardstein@gbfirm.com
jtbratton@gbfirm.com
*Trial Attorneys for Defendants Sentinel Police*
*Association and Lieutenant Pettis in her*
*Individual Capacity*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2018 a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/ Janaya Trotter Bratton*
Janaya Trotter Bratton (0084123)