IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| _____ | : | |
|  | : | Case No.  _____ |
| Plaintiff(s) | : | |
|  | : | District Judge Susan J. Dlott |
| v. | : | |
|  | : | JOINT DISCOVERY PLAN |
| _____ | : | |
|  | : | |
| Defendant(s) | : | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Pretrial Procedure Outline. The parties conducted their discovery conference on _____.

1. **MAGISTRATE CONSENT**

The Parties:

☐ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☐ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☐ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

2. **RULE 26(A) DISCLOSURES**

☐ There are no changes that need to be made in the timing, form, or requirement for disclosures under Rule 26(a). All disclosures required by Rule 26(a)(1) have been made by the parties hereto or will be made by the time of the scheduled Preliminary Pretrial Conference.

☐ The parties agree to delay the initial disclosure until _____. The purpose of delay is

☐ to give the Court time to rule on the pending dispositive motion.

☐ _____.

3. **DISCOVERY ISSUES AND DATES**

A. Describe the subjects on which discovery is to be sought and the nature, extent, and scope of discovery that each party needs to: (i) make a settlement evaluation; (ii) prepare for case dispositive motions; and (iii) prepare for trial:

Plaintiffs seek discovery of Defendants' communications including phone, text and email.  Plaintiffs also seek documents maintained by the City/Police Department that reflect Lt. Pettis' employment, promotion, hiring and discipline.

_____.

Defendants seek discovery of Plaintiffs' medical and mental health

records, phone records, text messaging, documents related to any claims,

and any other discoverable material going to alleged liability and damages.

The parties have agreed upon a process for obtaining medical, mental health,

phone, and text messaging records. The requesting party shall submit the request to counsel representing the party information is requested from. That Counsel shall obtain the records timely, review the records, and turn over all records that are not privileged. If counsel deems any record to be privileged, counsel shall prepare a privilege log for all material that is redacted and/or held back in its entirety and produce with the non-privileged material. If there is a dispute regarding privilege, the privilege log and material alleged to be privileged shall be submitted to the Court for in camera review and a decision regarding production.
**Any materials that have been subpoenaed prior to this report and the protective order submitted with this report shall be immediately turned over to counsel for review and production in accordance with the process agreed to herein. Counsel in possession shall not review the records prior to production.

B.     Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

    _____Yes
    _____ No

(i) The parties have electronically stored information in the following formats:

Phone records, text messaging records, records stored on computers, records that may be stored on servers, and email records.

(ii) The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

The parties shall immediately extract all text messaging, notes, emails, and any other discoverable material from the cell phone for purposes of preserving those records.

C. Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

_____Yes

_____ No

(i) The case presents the following issues relating to claims of a privilege or of protection as trial preparation materials:

All issues regarding privilege have been addressed in 3(A) above and

the parties protective order filed with this report.

_____.

_____

_____

_____.

(ii) Have the parties agreed on a procedure to assert such claims AFTER production?

_____Yes

_____No

_____Yes, and the parties ask that the Court include the following agreement in the scheduling order:

The parties ask that the Court enter as an Order the parties

stipulated protective order.

D. The parties recommend that discovery

    ☐ need not be bifurcated

    ☐ should be bifurcated between liability and damages

    ☐ should be bifurcated between factual and expert

    ☐ should be limited in some fashion or focused upon particular issues which relate to _____

E. Disclosure and report of plaintiff expert(s) by    September 30, 2019

F. Disclosure and report of defendant expert(s) by    November 15, 2019

G. Discovery cutoff    Fact: July 31, 2019
    Expert: December 31, 2019

H. Anticipated discovery problems

    ☐ Limitations on depositions.

    ☐ None

4. **LIMITATIONS ON DISCOVERY**

A. Changes in the limitations on discovery

    ☐ Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

    ☐ Extension of number of depositions (currently 10) permitted to _____.

    ☐ Extension of number of interrogatories (currently 25) to _____.

    ☐ Other: The parties disagree regarding the number of depositions above 10. Plaintiff agrees to 15. Due to the number of parties, claims, Defendants' already identified witnesses, and issues, Defendants request no more than 30.

    ☐ None

      B.      Protective Order

           ☐      A protective order will likely be submitted to the Court on or before <u>submitted with this report</u>.

           ☐      The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299 (6th Cir. 2016).

5.    **OTHER COURT ORDERS UNDER RULE 26(C) OR RULE 16(B) AND (C)**

☐    The plaintiff anticipates the need for the Court to set a deadline to allow for the amendment of the complaint to

      ☐      add parties.

      ☐      add additional claims.

      ☐      add factual allegations to support original claim(s).

☐    The parties agree that any amended complaint shall be filed no later than <u>January 31, 2019</u>. Defendants shall have until <u>January 31, 2019</u> or 30 days after any amended complaint, whichever comes later, to move to dismiss or for judgment on the pleadings.

Signatures:

<u>Zachary Gottesman</u>  
Attorney for Plaintiff(s)

<u>Janaya Trotter Bratton</u>  
Attorney for Defendant(s)

_____  
Attorney for Plaintiff(s)

<u>Shuva Paul</u>  
Attorney for Defendant(s)

_____  
Attorney for _____