**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TAMERA BROWN, et al., | : | |
| | : | Case No. 1:18-CV-412 |
| Plaintiffs, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | Magistrate Judge Karen Litkovitz |
| | : | |
| CITY OF CINCINNATI, et al. | : | |
| | : | |
| Defendants. | : | |

## AGREED PROTECTIVE ORDER

The parties, by and through their legal counsel, stipulate and agree to the terms of this Order ("Order"), under Fed.R.Civ.P. 26(c). The parties further agree that the terms of this Agreed Protective Order shall remain in place until further order of the Court. The Court, having reviewed the agreement and stipulation of the parties, finds that good cause supports the entry of such an order and that justice so requires. Accordingly, it is ORDERED:

1. **Scope.** This stipulated protective order covers all medical and mental health records produced for any named Plaintiff or Defendant, which have been or will be produced in this case. It also covers officers' personnel personal information, personal telephone numbers, and information that may be a security risk. The aforementioned confidential information is hereinafter collectively referred to as "documents" and shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings

wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate documents, as described and limited in Paragraph 3, as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. The CONFIDENTIAL designation does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** Any party or non-party may designate documents as CONFIDENTIAL upon making a good faith determination based in law and fact that the documents contain information protected from disclosure by the limitations of Paragraph 1, law, or Order of this Court. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

4. **Depositions.** Parties may designate as confidential documents referenced at any deposition or portion thereof by making such designation on the record at the time of the deposition. If no confidential designation is made during a deposition, the contents shall be treated as confidential under this Order until 15 days after receipt of the transcript. Within that period, any party wishing to designate all or any portion of the deposition transcript as confidential shall make the appropriate designation in writing and then serve that designation by mail upon counsel for all parties.  However, if no party orders a copy

of the transcript at the time of the deposition or within 5 business days of the deposition, the contents of the deposition in its entirety shall be treated as confidential up to and until a copy of the same is ordered.

5. **Protection of Confidential Material.**

    a. **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    b. **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in the below subparagraphs. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

        i. **Counsel**. Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

        ii. **Parties**. Parties and employees of a party to this Order, their insurance carriers, brokers, and their claims investigation and administrative employees reasonably necessary to the evaluation and administration of the claims;

        iii. **The Court**. The court in which this action is pending, and persons associated with it;

        iv. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

    v. **A deponent and his or her attorney**, but only during the course of his or her deposition;

    vi. **Consultants, Investigators, and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

    vii. **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c. **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

d. **Copies**. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as under this Order, or any individual portion of such a document, shall be affixed with the designation

4

CONFIDENTIAL if the designation does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

    e. **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL" shall be governed by Fed. R. Evid. 502. Inadvertent production of any document or information without a designation of CONFIDENTIAL shall not waive the protections of this Order so long as such claim is asserted within thirty (30) days of the discovery of the inadvertent disclosure. Following discovery of the inadvertent disclosure, the disclosing party shall provide within three (3) business days a properly designated set of such confidential information to the other party, whom shall destroy copies of the improperly designated documents and certify such destruction to the disclosing party.

6. **Filing of CONFIDENTIAL Documents Under Seal.**   Any document subject to this order used at trial, in discovery, in a deposition, expert report, pleading, or in any other way so as to make it a potentially public record, it shall be so submitted "under seal" with prior permission of the Court, upon motion and for good cause shown.  This Protective Order does not authorize filing protected Materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion

and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996).

7. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good-faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

8. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion under Local Rule 7.2 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

9. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual

CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10. **Obligations on Conclusion of Litigation.**

    a. **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    b. **Return of CONFIDENTIAL documents.** Within thirty (30) days following a final determination of this litigation, every person or party to whom confidential information has been furnished or produced shall destroy all copies, and provide the producing party with counsel's certification of that destruction.  This paragraph includes deposition exhibits, but not attorney notes.  This paragraph does not require any party to return or destroy any information which was filed with the Court. **Return of Documents Filed Under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

11. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

12. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to

protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

13. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So ordered,*

———————————————————
MAGISTRATE JUDGE LITKOVITZ

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

    The undersigned hereby acknowledges that he/she has read the Agreed Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Agreed Protective Order and understands that the terms of the Agreed Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Agreed Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address _____

Date: _____ Signature: _____