IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Tamera Brown, et al., | : | Case Number: 1:18cv412 |
| Plaintiffs, | : | Judge Susan J. Dlott |
| | | Magistrate Judge Karen L. Litkovitz |
| | : | |
| v. | | **ANSWER OF CITY DEFENDANTS** |
| | : | **TO SECOND AMENDED** |
| City of Cincinnati, et al., | | **COMPLAINT WITH AFFIRMATIVE** |
| | : | **DEFENSES AND JURY DEMAND** |
| Defendants. | | |

Defendants City of Cincinnati ("the City"), Mayor Cranley, Captain Pettis, Mr. Duhaney, Mr. Black, and Chief Isaac (collectively, "the City Defendants"), by and through the undersigned counsel,[1] answer Plaintiffs' Second Amended Complaint as follows:

1.     As to Paragraphs 1 and 2 concerning identification of the plaintiffs, the City denies for want of knowledge except admits they are white females and so employed for the stated duration.

2.     As to Paragraph 3, the City denies and the others deny for want of knowledge.

3.     As to Paragraph 4, admit.

4.     As to Paragraph 5, the City denies and the others deny for want of knowledge.

5.     As to Paragraph 6 concerning identification of the individual City Defendants, the City admits.

---

[1] In this action, Captain Pettis (formerly Lieutenant Pettis) is represented in her individual capacity by additional counsel of record.

6.     As to Paragraph 7, the City admits, except denies that she is still a lieutenant given that she was promoted to captain in March 2019.

7.     As to Paragraphs 8, 9, and 10 concerning identification of the individual City Defendants, the City admits.

8.     The allegations in Paragraph 11 are directed to another defendant (Sentinel Police Association) and warrant no response here.

9.     As to Paragraph 12, the City Defendants deny any violations.

10.     As to Paragraphs 13, 14, and 15, the City admits the Court has original jurisdiction over Plaintiffs' putative federal claims, and that venue is proper, but deny that Plaintiffs have any federal claim that would support supplemental jurisdiction.

11.     As to Paragraph 16, Mayor Cranley, Mr. Duhaney, and Mr. Black deny for want of knowledge.  The City, Chief Isaac, and Captain Pettis deny.

12.     As to Paragraph 17, the City and Defendants Cranley, Duhaney, Black, and Isaac deny, except admit Plaintiffs were employed by the City at times relevant to some or all of the allegations.  Captain Pettis denies for want of knowledge.

13.     As to Paragraphs 18 through 27, deny.

14.     As to Paragraph 28, Captain Pettis denies for want of knowledge and the remaining City Defendants deny.

15.     As to Paragraphs 29 through 30, deny.

16.     As to Paragraph 31, Captain Pettis denies for want of knowledge and the remaining City Defendants deny.

17.     As to Paragraph 32, Mayor Cranley, Mr. Duhaney, and Mr. Black deny for want of knowledge.  The City, Chief Isaac, and Captain Pettis deny to the extent that it is alleged that only the Plaintiffs and not also Defendant Pettis who transferred to other

police districts in December 2017; otherwise they admit.

18.     As to Paragraphs 33 through 36, deny.

19.     As to Paragraphs 37, 38, and 39, Mayor Cranley, Mr. Duhaney, Mr. Black, and Chief Isaac deny for want of knowledge.  The City and Captain Pettis state that the EEOC charges attached to Plaintiffs' Second Amended Complaint as Exhibits 4 and 5 speak for themselves.

20.     As to Paragraph 40, Mayor Cranley, Mr. Duhaney, and Mr. Black deny for want of knowledge.  To the extent that this paragraph alleges that Officer Brown did something other than copy Captain Mack on the email Plaintiffs attached to their Second Amended Complaint as Exhibit 6, the City, Chief Isaac, and Captain Pettis deny.

21.     As to Paragraphs 41 and 42, the City states that Officer Brown's "internal complaint" which is attached to Plaintiffs' Second Amended Complaint as Exhibit 6 speaks for itself.

22.     As to Paragraph 43, Mayor Cranley, Mr. Duhaney, and Mr. Black deny for want of knowledge.  The City, Chief Isaac, and Captain Pettis deny and state that the Internal Investigations Section report attached to Plaintiffs' Second Amended Complaint as Exhibit 12 speaks for itself.

23.     As to Paragraph 44, Mayor Cranley, Mr. Duhaney, and Mr. Black deny for want of knowledge.  To the extent that this paragraph alleges that Officer Ludgatis did something other than copy Captain Mack on the email Plaintiffs attached to their Second Amended Complaint as Exhibit 8, the City, Chief Isaac, and Captain Pettis deny.

24.     As to Paragraph 45, Mayor Cranley, Mr. Duhaney, and Mr. Black deny for want of knowledge.  The City, Chief Isaac, and Captain Pettis admit to her making of a request for an internal investigation into Sergeant Hils' conduct.

25.     As to Paragraphs 46 through 54, Mayor Cranley, Mr. Duhaney, and Mr. Black deny for want of knowledge.  The City, Chief Isaac, and Captain Pettis deny and state that the "report generated as a result of the aforementioned investigation" which is attached to Plaintiffs' Second Amended Complaint as Exhibit 12 speaks for itself.

26.     As to Paragraphs 55 and 56, deny for want of knowledge.

27.     As to Paragraph 57, deny.

28.     As to Paragraphs 58 and 59, Mayor Cranley, Mr. Duhaney, Mr. Black, and Captain Pettis deny for want of knowledge.  The City and Chief Isaac deny.

29.     As to Paragraph 60, deny.

30.     As to Paragraph 61, Captain Pettis denies for want of knowledge and the remaining City Defendants deny.

31.     As to Paragraphs 62, 63, and 64, Mayor Cranley, Mr. Duhaney, Mr. Black, and Captain Pettis deny for want of knowledge.  The City and Chief Isaac state that the Form 17 speaks for itself.

32.     As to Paragraphs 65 and 66, deny for want of knowledge.

33.     As to Paragraphs 67, 68 and 69, Mayor Cranley, Mr. Duhaney, Mr. Black, and Captain Pettis deny for want of knowledge.  The City and Chief Isaac state that the Form 17 speaks for itself.

34.     As to Paragraphs 70 and 71, deny for want of knowledge except state that the bodycam speaks for itself.

35.     As to Paragraph 72, Captain Pettis and Mr. Black deny for want of knowledge.  The rest deny except admit the matter was so referred and that the officer's police powers were suspended.

36.     As to Paragraph 73, deny for want of knowledge.

37.     As to Paragraphs 74, 75, 76, 77, 78, 79, 80, and 81, Captain Pettis and Mr. Black deny for want of knowledge.  The rest deny.

### First Cause of Action – 42 U.S.C. § 2000e-2(a)

38.     As to Paragraph 82, the City Defendants incorporate by reference the preceding responses.

39.     As to Paragraphs 83 through 93, the City Defendants deny.

### Second Cause of Action – 42 U.S.C. § 2000e-3

40.     As to Paragraph 94, the City Defendants incorporate by reference the preceding responses.

41.     As to Paragraph 95, the City Defendants state that the statute speaks for itself.

42.     As to Paragraphs 96 and 97, the City Defendants deny.

### Third Cause of Action – 42 U.S.C. § 1981

43.     As to Paragraph 98, the City Defendants incorporate by reference the preceding responses.

44.     As to Paragraphs 99 through 105, the City Defendants deny.

### Fourth Cause of Action – 42 U.S.C. § 1983-Free Speech

45.     As to Paragraph 106, the City Defendants incorporate by reference the preceding responses.

46.     As to Paragraphs 107 and 108, calls for a legal conclusion not warranting a response, but to the extent a response is necessary, then in the absence of additional averments, City Defendants deny.

47.     As to Paragraphs 109 through 119, the City Defendants deny.

## Fifth Cause of Action – R.C. §§ 4112.01, *et seq.*

48.     As to Paragraph 120, the City Defendants incorporate by reference the preceding responses.

49.     As to Paragraphs 121 through 125, the City Defendants deny.

## AFFIRMATIVE DEFENSES

1.     Each City Defendant denies each and every statement, allegation, and averment contained in Plaintiffs' Second Amended Complaint that is not specifically admitted by the named defendant to be true.

2.     Actions the City Defendants took or did not take with respect to Plaintiffs were motivated by legitimate nondiscriminatory reasons, and not based on any actual or perceived protected status, discriminatory motive, or in retaliation for protected activity.

3.     The City Defendants at all times acted in conformity with the law, in good faith, and without malice.

4.     Plaintiffs fail to state a claim upon which relief may be granted.

5.     Some or all of Plaintiffs' claims are barred by applicable statutes of limitations and/or the doctrine of equitable estoppel.

6.     Plaintiffs failed to exhaust their administrative remedies.

7.     Some or all of Plaintiffs' claims are beyond the scope of their administrative charges.

8.     Plaintiffs lack standing to proceed on some or all of their claims.

9.     Plaintiffs failed to mitigate damages, if any.

10.     The City Defendants exercised reasonable care to prevent and correct any harassing, discriminatory, or retaliatory behavior and Plaintiffs unreasonably failed to take advantage of any preventive or corrective behavior or avoid harm otherwise.

6

11.     Some or all of Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel.

12.     Some or all of Plaintiffs' claims fail for lack of subject matter jurisdiction.

13.     Plaintiffs failed to join all necessary and proper parties.

14.     The provisions of R.C. Chapter 2744 bar some or all of Plaintiffs' claims.

15.     The City Defendants are entitled to qualified immunity.

16.     The City Defendants hereby give notice that they intend to rely upon and utilize any affirmative defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure that may become available or apparent during or upon completion of discovery and hereby reserve the right to amend their answer to assert such defenses.

**<u>JURY DEMAND</u>**

City Defendants hereby demand a trial by jury.

**WHEREFORE**, having fully answered Plaintiffs' Second Amended Complaint, the City Defendants pray that this action be dismissed with prejudice at Plaintiffs' costs and the City Defendants be permitted to go henceforth without further costs or delay.

7

Respectfully submitted,

**PAULA BOGGS MUETHING (0080018)**
**CITY SOLICITOR**

*s/ Shuva J. Paul*
Shuva J. Paul (0088484)
Emily Smart Woerner (0089349)
Peter J. Stackpole (0072103)
801 Plum Street, Suite 214
Cincinnati, Ohio 45202
(513) 352-4551
shuva.paul@cincinnati-oh.gov
emily.woerner@cincinnati-oh.gov
peter.stackpole@cincinnati-oh.gov
*Trial Attorneys for City Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th of August 2019 a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Shuva J. Paul*
Shuva J. Paul (0088484)