IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Tamera Brown, et al., | : | Case Number: 1:18cv412 |
| Plaintiffs, | : | Judge Susan J. Dlott |
| | | Magistrate Judge Karen L. Litkovitz |
| | : | |
| v. | | |
| | : | **ANSWER OF SENTINEL POLICE** |
| | | **ASSOCIATION AND DANITA** |
| City of Cincinnati, Ohio, et al., | : | **PETTIS IN HER INDIVIDUAL** |
| | | **CAPACITY TO PLAINTIFFS'** |
| Defendants. | : | **SECOND AMENDED COMPLAINT** |
| | | **WITH AFFIRMATIVE DEFENSES** |
| | : | **AND JURY DEMAND** |

Defendants Sentinel Police Association ("the Sentinels") and Lieutenant[1] Danita Pettis ("Captain Pettis"), in her individual capacity answer Plaintiffs' Second Amended Complaint as follows:

1. As to Paragraphs 1 and 2, The Sentinels and Captain Pettis admit that Tamera Brown and Joy Ludgatis are white females employed by the City of Cincinnati. The Sentinels and Captain Pettis deny for want of personal knowledge the remaining allegations in Paragraphs 1 and 2.

2. As to Paragraph 3, The Sentinels and Captain Pettis deny the allegations for want of personal knowledge.

3. As to Paragraph 4, the Sentinels and Captain Pettis admit.

4. As to Paragraph 5, the Sentinels and Captain Pettis deny the allegations for want of personal knowledge.

---

[1] Lieutenant Pettis was promoted by promotional exam from Lieutenant to Captain after the Second Amended Complaint was filed. She is hereafter referred to as Captain Pettis.

5. As to Paragraph 6, the Sentinels and Captain Pettis admit that John Cranley is the Mayor of the City of Cincinnati. The Sentinels and Captain Pettis deny the remaining allegations for want of personal knowledge.

6. As to Paragraph 7, the Sentinels and Captain Pettis admit that Danita Pettis is a U.S. citizen, a resident of Hamilton County, Ohio and is employed by the City of Cincinnati. The Sentinels and Captain Pettis admit that Danita Pettis was a Lieutenant at the time Defendants' Second Amended Complaint was filed. As of the date of Plaintiffs' Answer, the Sentinels and Captain Pettis deny Danita Pettis is a lieutenant as she was promoted to Captain in March 2019. The Sentinels and Captain Pettis admit the Second Amended Complaint asserts that Captain Pettis is being sued in her individual and official capacity.

7. As to Paragraph 8, the Sentinels and Captain Pettis admit that Patrick Duhaney is the City Manager for the City of Cincinnati. The Sentinels and Captain Pettis deny the remaining allegations for want of personal knowledge.

8. As to Paragraph 9, the Sentinels and Captain Pettis admit that Harry Black was the former City Manager for the City of Cincinnati. The Sentinels and Captain Pettis deny the remaining allegations for want of personal knowledge.

9. As to Paragraph 10, the Sentinels and Captain Pettis admit Eliot Isaac is the Chief of Police for the City of Cincinnati. The Sentinels and Captain Pettis deny the remaining allegations for want of personal knowledge.

10. As to Paragraph 11, the Sentinels and Captain Pettis admit the Sentinel Police Association is a 501 (c)(4) not-for-profit Ohio corporation. The Sentinels and Captain Pettis deny the remaining allegations.

11. The Sentinels and Captain Pettis deny the allegation of Paragraph 12.

12. As to Paragraphs 13 through 15, the Sentinels and Captain Pettis admit the Court has original jurisdiction over Plaintiffs' putative federal claims, and that venue is proper, but deny that Plaintiffs have any federal claim that would support supplemental jurisdiction. The Sentinels and Captain Pettis deny the remaining allegations in Paragraphs 13 through 15 that are not specifically admitted herein.

13. As to Paragraph 16, Captain Pettis denies the allegations. The Sentinels deny the allegations for want of personal knowledge.

14. As to Paragraph 17, the Sentinels and Captain Pettis deny the allegations for want of personal knowledge.

15. As to Paragraphs 18 through 22, the Sentinels and Captain Pettis deny the allegations. The Sentinels further state that Federal and/or Consent Decree promotions have not been exclusively predicated on race as alleged by Defendants, and that male and female Whites have benefited under the Consent Decrees.

16. As to Paragraph 23, the Sentinels and Captain Pettis deny that Plaintiffs have been affected by a race-based double standard for discipline. The Sentinels and Captain Pettis state that if there was a race-based double standard for discipline that condones misconduct for certain officers that would subject others to discipline, that double standard is detrimentally applied to Black officers. The Sentinels and Captain Pettis further state that the local Fraternal Order of Police ("FOP") fails to provide adequate representation to Black officers being disciplined.

17. As to Paragraph 24, the Sentinels and Captain Pettis deny an unconstitutional race-based policy that exists regarding detail assignment that benefits or excludes qualified officers based solely on their race. The Sentinels and Captain Pettis further state that Plaintiffs are or should be aware that their allegations are not

3

true. The preferred assignment details roster, which is a public record, clearly reflects that Black and White officers are assigned equally to preferred assignments. Further, Plaintiffs themselves in the past 24 months have enjoyed the benefit of preferred assignments. Plaintiff Brown has worked a significant number of hours on preferred detailed assignments, including but not limited to the Flying Pig, the Cincinnati Zoo, and the Cincinnati Public Library. Plaintiff Ludgatis has worked a significant number of hours on preferred detailed assignments, including but not limited to the Cincinnati Reds, Cincinnati Zoo, Avondale Comprehensive Development Corporation, Cincinnati Chamber of Commerce, Cintas Center, and the Flying Pig.

18. As to Paragraph 25, the Sentinels and Captain Pettis deny for want of knowledge any race-based policy permitting Black officers to speak to media outlets while denying the same to White officers. The Sentinels and Captain Pettis further state that the Sentinel Police Association is a non-profit corporation independent from the City of Cincinnati or City of Cincinnati Police Department similar to the Fraternal Order of Police. The Sentinel Police Association primarily through Black officers and the Fraternal Order of Police primarily through White officers both enjoy full access to media outlets regarding issues exclusive to the concerns of their respective organizations.

19. As to Paragraph 26, the Sentinels deny for want of knowledge any race-based policy that permits insubordination and rule violations for chain of command by Black officers that would subject others to discipline. Captain Pettis denies the allegations in Paragraph 26 and further states that she has been disciplined more harshly than her White counterparts, and specifically more harshly than Plaintiffs and Dan Hils for conduct arising out of the same or similar circumstances. Further, specific

4

to Plaintiffs, Plaintiffs have not been on the receiving end of discipline for insubordination or violation of the rules for chain of command even after Officers Brown and Ludgatis attempted to undermine Captain Pettis' authority by publicly criticizing her decision making to the Department's rank and file, taped roll calls in violation of policy, and harassed co-workers in an attempt to damage Captain Pettis' reputation.

20. As to Paragraph 27, Captain Pettis denies the allegations. The Sentinels deny for want of knowledge any race-based policy that permits Black officers to commit theft in office and make fraudulent and excessive claims for overtime compensation that would subject others to discipline. The Sentinels and Captain Pettis further state that upon information and belief, if discipline is rendered more harshly by race, Black officers are disciplined more harshly because the FOP does not equally represent Black and White officers.

21. As to Paragraph 28, the Sentinels and Captain Pettis deny the allegations for want of personal knowledge.

22. As to Paragraph 29, the Sentinels and Captain Pettis deny the allegations. The Sentinels and Captain Pettis further state that the policies outlined by Plaintiffs are not the cause of racial tension and open hostility between officers of different races.

23. As to Paragraph 30, the Sentinels and Captain Pettis deny the allegations.

24. As to Paragraph 31, Captain Pettis denies the allegations for want of knowledge. The Sentinels deny for want of knowledge whether the increased racial tension and division among the ranks of the Cincinnati Police Department has jeopardized officer safety, but states that there is increased racial tension and division among the ranks. The Sentinels further state the allegations contained in Plaintiffs'

Complaint is not the cause of the increased racial tension and division, but rather the FOP president's pattern of publicly fighting his own personal vendettas against private citizens, Black officers, Black leaders and the Black police chief, and his reference to a Black community as an urban ghetto.

25. As to Paragraph 32, the Sentinels deny the allegations for want of knowledge. Captain Pettis denies the allegations to the extent that it is alleged that only the Plaintiffs were transferred. Captain Pettis admits that Plaintiffs and she were all previously assigned to District 4 of the Cincinnati Police Department and Captain Pettis was reassigned at the same time as Officers Brown and Ludgatis.

26. As to Paragraph 33, the Sentinels deny the allegations. Captain Pettis denies the allegations and further states that she has been the victim of Plaintiff Ludgatis' racism since 2015 when Ludgatis was first assigned to work under Captain Pettis.

27. As to Paragraph 34, the Sentinels deny the allegations. Captain Pettis denies that she has committed any criminal act as a police officer. Captain Pettis further denies the remaining allegations and asserts that the continued slandering of her reputation through the false allegations in this lawsuit is not for the purpose of asserting cognizable legal claims, but for the sole purpose of attacking Captain Pettis' character and reputation.

28. As to Paragraph 35, the Sentinels and Captain Pettis deny the allegations. Captain Pettis has not engaged in illegal conduct nor has she committed the specific alleged criminal offenses alleged in Plaintiffs' complaint.

29. As to Paragraph 36, the Sentinels and Captain Pettis deny the allegations. Captain Pettis further states that it is public record that she has never been given

6

immunity for any violation of City of Cincinnati policy, and that she has been disciplined at least equal to, and upon her information and belief, more than her White counterparts.

30. As to Paragraph 37, the Sentinels and Captain Pettis state that Exhibits 4 and 5 speak for themselves. Captain Pettis further states that the right to sue letter was issued after the EEOC was unable to conclude that any violation of law occurred.

31. As to Paragraphs 38 and 39, the Sentinels and Captain Pettis state that the EEOC charges which are attached to Plaintiffs' Second Amended Complaint as Exhibits 4 and 5 speak for themselves. Captain Pettis further states that Plaintiffs' charges as detailed in Paragraphs 38 and 39 are unequivocally false, and were made for the sole purpose of covering up Plaintiffs' own discriminatory actions against Captain Pettis.

32. As to Paragraph 40, the Sentinels deny the allegations for want of knowledge. Captain Pettis states that Exhibit 6 speaks for itself.

33. As to Paragraphs 41 and 42, the Sentinels deny the allegations for want of knowledge. Captain Pettis states that Exhibits 6 and 7 speak for themselves. Captain Pettis denies the remaining allegations.

34. As to Paragraph 43, the Sentinels and Captain Pettis deny the allegations. Captain Pettis further states that Police Sgt. Dan Hils visited District 4 during 3rd shift roll call at a time Captain Pettis was not on duty to demean and impugn her character, and relay false information to subordinate officers in an attempt to undermine Captain Pettis' credibility and cause division and turmoil within District 4.

35. As to Paragraph 44, the Sentinels deny the allegations for want of knowledge. To the extent that this paragraph alleges that Officer Ludgatis did something other than copy Captain Mack on the email Plaintiffs attached to their

7

Second Amended Complaint as Exhibit 8, Captain Pettis denies the allegation. Captain Pettis further denies that she subjected Ludgatis to verbal abuse.

36. As to Paragraph 45, the Sentinels deny the allegations for want of knowledge. Captain Pettis admits to making of a request for an internal investigation into Sergeant Hils' inappropriate conduct.

37. As to Paragraph 46, the Sentinels deny the allegations for want of knowledge. Captain Pettis denies the allegations and further states that Exhibit 10 speaks for itself and that Exhibit 10 does not reflect what Plaintiffs assert in this Paragraph or the preceding Paragraph in Plaintiffs' Complaint.

38. As to Paragraph 47, the Sentinels deny the allegations for want of knowledge. Captain Pettis denies making hostile, demeaning, and abuse comments about Brown and Ludgatis. Captain Pettis admits that she formally requested that Brown and Ludgatis be transferred to another district due to the allegations in this Paragraph and further states that any request that Brown and Ludgatis be transferred was a follow up to the 2015 request that Ludgatis not be assigned to the same district as Captain Pettis. Captain Pettis made the 2015 request after Ludgatis made numerous derogatory comments about Captain Pettis and other Black officers, and after Captain Pettis requested in 2015 that Ludgatis attend racial sensitivity classes. As to Officer Brown, Captain Pettis requested her transfer due to her causing discord within the District by harassing other officers who reported such conduct to the command staff.

39. As to Paragraph 48, the Sentinels deny the allegations for want of knowledge. Captain Pettis denies that her actions caused Brown and Ludgatis to be transferred in 2017 and further states that Brown and Ludgatis' behavior caused all three parties to be transferred – the one Black woman and the two White women.

8

40. As to Paragraph 49, the Sentinels deny the allegations for want of knowledge. Captain Pettis denies the allegations.

41. As to Paragraph 50, the Sentinels deny the allegations for want of knowledge, Captain Pettis states the report speaks for itself. Captain Pettis further denies the allegations that she engaged in any misconduct. Captain Pettis further states that she was wrongly disciplined and as the only Black woman involved, she was the only person disciplined. Plaintiffs, the two White women were permitted to disrespect command staff, specifically Captain Pettis, a Black woman, without consequence.

42. As to Paragraph 51, the Sentinels deny the allegation for want of knowledge. Captain Pettis denies the allegations made in Plaintiffs' self-serving statements contained in Exhibit 13, which was submitted in anticipation of this litigation. Captain Pettis further states that after the she and Officers Brown and Ludgatis were transferred she has had no personal contact with Brown or Ludgatis. Captain Pettis further states that the only action she has taken against Brown and Ludgatis was the filing of an OCRC Complaint regarding the racist, hostile, and harassing behavior of Brown and Ludgatis toward Captain Pettis, and reporting the same behavior up the chain of command within the Cincinnati Police Department.

43. As to Paragraph 52, the Sentinels deny the allegations for want of knowledge. Captain Pettis denies the allegations.

44. As to Paragraph 53, the Sentinels deny the allegations for want of knowledge. Captain Pettis denies the allegations.

45. As to Paragraph 54, the Sentinels deny the allegations for want of knowledge. Captain Pettis denies the allegations.

46. As to Paragraph 55, the Sentinels deny the allegations for want of

knowledge. Captain Pettis denies the allegations for want of knowledge.

47. As to Paragraph 56, the Sentinels and Captain Pettis deny the allegations for want of knowledge.

48. As to Paragraph 57, the Sentinels and Captain Pettis deny the allegations.

49. As to Paragraphs 58 and 59, the Sentinels and Captain Pettis deny the allegations for want of knowledge.

50. As to Paragraph 60, the Sentinels and Captain Pettis deny the allegations. The Sentinels and Captain Pettis further state that any reasonable investigation into the allegations made in this lawsuit would show that Captain Pettis did not participate in the press conference held by the Sentinel Police Association. As the Vice President of the organization, Captain Pettis was present but a review of the press conference or even a simple search regarding the press conference would show that Captain Pettis refused to speak at all on the litigation or Plaintiffs.

51. As to Paragraph 61 through 79, the Sentinels and Captain Pettis deny the allegations for want of knowledge.

52. As to Paragraph 80 and 81, the Sentinels and Captain Pettis deny the allegations for want of knowledge. Captain Pettis further states upon information and belief, Plaintiff Ludgatis was not disciplined for her racist comments directed toward Captain Pettis and comments she made about other Black officers.

**First Cause of Action – 42 U.S.C. § 2000e-2(a)**

53. As to Paragraph 82, the Sentinels and Captain Pettis incorporate by reference the preceding responses.

54. As to Paragraphs 83 through 85, the Sentinels and Captain Pettis deny the allegations.

55. As to Paragraph 86 through 91, the Sentinels deny the allegations for want of personal knowledge. Captain Pettis denies the allegations.

56. As to Paragraph 92 and 93, the Sentinels and Captain Pettis deny the allegations.

### Second Cause of Action – 42 U.S.C. § 2000e-3

57. As to Paragraph 94, the Sentinels and Captain Pettis incorporate by reference the preceding responses.

58. As to Paragraph 95, the Sentinels and Captain Pettis state that the statute speaks for itself.

59. As to Paragraphs 96 and 97, the Sentinels and Captain Pettis deny the allegations.

### Third Cause of Action – 42 U.S.C. § 1981

60. As to Paragraph 98, the Sentinels and Captain Pettis incorporate by reference the preceding responses.

61. As to Paragraph 99, the Sentinels deny the allegations for want of knowledge. Captain Pettis denies the allegations.

62. As to Paragraphs 100 through 105, the Sentinels and Captain Pettis deny the allegations.

### Fourth Cause of Action – 42 U.S.C. § 1983-Free Speech

63. As to Paragraph 106, the Sentinels and Captain Pettis incorporate by reference the preceding responses.

64. As to Paragraphs 107 through 119 the Sentinels and Captain Pettis deny the allegations.

**Fifth Cause of Action – R.C. §§ 4112.01,** *et seq.*

65. As to Paragraph 120, the Sentinels and Captain Pettis incorporate by reference the preceding responses.

66. As to Paragraphs 121 through 125 the Sentinels and Captain Pettis deny the allegations.

**AFFIRMATIVE DEFENSES**

1. The Sentinels and Captain Pettis deny each and every statement, allegation, and averment contained in Plaintiffs' Second Amended Complaint that is not specifically admitted by the named Defendant to be true.

2. Plaintiffs fail to state a claim upon which relief may be granted.

3. Plaintiffs lack standing to proceed on some or all of their claims.

4. Plaintiffs failed to mitigate damages, if any.

5. The provisions of Chapter 2744 of the Ohio Revised Code bar some or all of Plaintiffs' claims.

6. Captain Pettis is entitled to qualified immunity.

7. The Sentinels and Captain Pettis hereby give notice that they intend to rely upon and utilize any affirmative defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure that may become available or apparent during the course of discovery and hereby reserve the right to amend their answer to assert such defenses.

## JURY DEMAND

The Sentinels and Captain Pettis hereby demand a trial by jury.

Respectfully submitted,

*s/ Janaya Trotter Bratton*
Alphonse A. Gerhardstein (0032053)
Janaya Trotter Bratton (0084123)
Gerhardstein and Branch Co. LPA
441 Vine Street, Suite 3400
Cincinnati, Ohio 45202
(513) 621-9100 / fax (513) 345-5543
agerhardstein@gbfirm.com
jtbratton@gbfirm.com
*Trial Attorneys for Defendants Sentinel Police Association and Captain Pettis in her Individual Capacity*

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2019 a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Janaya Trotter Bratton*
Janaya Trotter Bratton (0084123)