**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Tamera Brown, et al., | : | Case No. 1:18cv412 |
| Plaintiffs, | : | Judge Dlott<br>Magistrate Judge Litkovitz |
| | : | |
| v. | | <u>PLAINTIFFS' OBJECTIONS</u><br>**TO MAGISTRATE'S DECISION**<br><u>(Oral Argument Requested)</u> |
| | : | |
| City of Cincinnati, et al., | | |
| | : | |
| Defendants. | | |

### I. Introduction

Plaintiffs, Tamara Brown and Joy Ludgatis ("Plaintiffs") object to the decision of the Magistrate granting Defendants' Motions for Judgment on the Pleadings.[1] In their respective motions for judgment on the pleadings, defendants Danita Pettis and the Sentinel Police Association followed by City of Cincinnati and the other city defendants (collectively "Defendants") improperly asked the Magistrate to conclude factual, dispositive findings on main elements of Plaintiffs' claims. The Magistrate did so and as a result erroneously disposed of Plaintiffs' well-pled and viable claims.

As laid out more fully below, the Magistrate erred in granting Defendants' Motions for Judgment on the Pleadings by improperly deciding the merits of Plaintiffs' claims and ignoring, or disregarding, the existence of material issues of fact.

---

[1] Case: 1:18-cv-00412-MWM-KLL Doc #: 50

## II. Legal Standard

The Magistrate failed to properly apply the law under Civ. R. 12(C) governing motions for judgment on the pleadings. Specifically, "In considering a motion for judgment on the pleadings, the trial court is required to view the facts presented in the pleadings alone, and the inferences to be drawn therefrom, in the light most favorable to the non-moving party. The motion should be granted only if the movant establishes that no material issue of fact awaits resolution and that it is entitled to judgment as a matter of law."[2] "While a motion for a judgment on the pleadings is disfavored, it will be granted once the movant has established that there is no material issue of fact which remains to be resolved."[3] "Under Civ. R. 12(C), if the party opposing the judgment pleads facts which are contradictory to those alleged by the moving party, the motion must be denied."[4]

As the Magistrate cites in the Report and Recommendation, "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."[5] Moreover, a complaint should withstand

---

[2] Blue Ash Bldg. & Loan Co. v. Hahn, 20 Ohio App.3d 21, 484 N.E.2d 186 (App. 1 Dist. 1984) at ¶ 4 of the Syllabus (emphasis added); See also Williams v. Village of Deer Park, 78 Ohio App. 231, 69 N.E.2d 536 (App. 1 Dist. 1946) (stating in ¶¶ 2 and 3 of the Syllabus: "2. On motion for judgment on the pleadings, filed by a defendant, the allegations of the petition and reply are to be taken as true and are to be given the most favorable construction to the plaintiff who is also entitled to all reasonable and fair inferences and intendments to be drawn from such facts so alleged by the plaintiff. 3. On such motion so filed by the defendant, the plaintiff is also entitled to the advantage of all allegations in the answer which are favorable to him and which he has not denied.)
[3] *Carolyn Riley & Associates Inc. v. Paul Falb*, 87-LW-3963, 13083, Ct. of App. of Ohio, 9th Distr. Summit, September 16, 1987 (emphasis added).
[4] *Id.*
[5] *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted))

2

a motion for judgment on the pleadings if contains "*direct or inferential allegations respecting all the material elements under some viable legal theory.*"[6]

### III.    Plaintiffs Have Pled Viable Title VII and Ohio Rev. Code § 4112.02 (A) Hostile Work Environment Claims

To establish a hostile work environment claim, a plaintiff must show that: (1) she was a member of the protected class; (2) she was subjected to unwelcome harassment, based on sex or race; (3) the harassment had the effect of unreasonably interfering with her work performance and created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer.[7] Conduct must be "severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive and the victim must subjectively regard that environment as abusive."[8]

Courts have found that comments of a continual nature are more likely to be deemed pervasive.[9] The Magistrate erred in refusing to accept two of the Plaintiffs' allegations as true.[10] In so doing, the Magistrate cites Croce v. New York Times Co. which stands for the proposition that courts are not bound to accept as true a plaintiff's factual assertions inconsistent with documents attached for support.[11] In their Second Amended Complaint, which the Magistrate cites to, the Plaintiffs cite to their Exhibit 11 and Internal

---

[6] *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007)(emphasis added).
[7] *Warf v. U.S. Dep't of Veterans Affairs*, 713 F.3d 874, 878 (6th Cir. 2013).
[8] *Bowman v. Shawnee State Univ.,* 220 F.3d 456, 463 (6th Cir. 2000).
[9] *Hawkins v. Anheuser-Busch, Inc.,* 517 F.3d 321, 333 (6th Cir. 2008).
[10] Doc # 50 at 5.
[11] *Croce v. New York Times Co.,* 930 F.3d 787, 792 (6th Cir. 2019).

Correspondence Sheet from Pettis with the subject line "Request for temporary transfer of Specialist Joy Ludgatis and Officer Tamera Brown."[12] The Magistrate's claim that supporting documents are somehow inconsistent with Plaintiffs' transfer allegations is incredible given the exact documentation of these allegations cited to in their complaint. Additionally, the Magistrate concludes without analysis that allegations by Plaintiffs' that the City failed to impose meaningful discipline for Pettis's misconduct is not supported by investigation documents. In the immediately previous footnote, the Magistrate quotes Croce as saying the court is not bound to accept factual assertions *inconsistent* with a document attached for support. The Magistrate makes no mention of inconsistency in the supporting documents when refusing to accept as true Plaintiffs' allegation of failure to address the hostile work environment created by Pettis. These conclusions by the Magistrate are improper and a grand example of the Magistrate's refusal to acknowledge dispute of material facts, errors which permeate the Magistrate's dismissal of each of Plaintiffs' claims.

The Magistrate has wrongly concluded that "Plaintiffs have not provided sufficient factual content for the Court to reasonably infer that they were subjected to harassment based on their race or sex."[13] The crux of the Magistrate's determination on this claim, and the others, is an erroneous conclusion that none of the Plaintiffs' allegations suggest, nor raise an inference, that Defendant Pettis's comments or actions were based on Plaintiffs' race or sex.[14] Based on this assertion, the Magistrate proposes Plaintiffs' hostile environment

---

[12] Case: 1:18-cv-00412-MWM-KLL Doc #: 23, Exhibit 11.
[13] *Id*. at 14.
[14] *Id.*

claims fail only on the second prong that "subjected to unwelcome harassment, based on sex or race."

Plaintiffs allegations obviously both suggest and infer they were harassed based on their sex and/or race. In determining allegations did not raise an inference that Pettis's comments were based on sex or race, the Magistrate cited *Arendale v. City of Memphis*[15] and *Barnette v. Dep't of Veterans Affairs*.[16] Both of these cases stand for the premise that personal conflict alone does not equate to racial or gender motivated harassment. In contrast however, Plaintiffs' claims do not reference personal conflict alone. Instead Plaintiffs' offer a breadth of examples of racially motivated policies apparent in the department. The Magistrate does not consider these policies determining that Plaintiffs' have failed to allege they apply to Plaintiffs. By virtue of their race, these alleged policies apply to Plaintiffs and breed fear of disparate treatment and harsher punishments for perceived misconduct. The Magistrate asserts the allegations do not raise an inference of racially or gender motivated harassment but surely evidence of racially motivated policies suggest African American Defendant Pettis's harassment of the Caucasian Plaintiffs may have been based on race.

Further suggestions of race or sex based harassment contained in Plaintiffs' claims include their being singled out by Pettis and disparately denied the opportunity to speak publicly about their claims. The Magistrate posits that because "much of" Pettis's verbal abuse was directed towards the entire third shift all officers were equally subjected to the abuse.[17] Ludgatis's internal complaint alleges Pettis made comments which belittled

---

[15] 519 F.3d 587, 606 (6th Cir. 2008).
[16] 153 F.3d 338, 343 (6th Cir. 1998).
[17] Doc # 50 at 15.

5

Ludgatis's contributions as a desk officer and implied she would never risk her own personal safety for the good of others.18 The Magistrate ignores the verbal abuse which was directed specifically at Plaintiffs and dismiss the harassing behavior as only a "tension-filled work environment." The Magistrate cites *El-Hallani v. Huntington Nat. Bank* saying allegations about discriminatory conduct "based on nothing more than plaintiff's belief" are naked assertions insufficient to state a claim.19 Such allegations are distinct from those made by Plaintiffs who include, in addition to beliefs, more facts to bolster their claims including current discriminatory policies, disparate treatment between themselves and Pettis, and lenient discipline for Pettis.

As Defendants do in their Motions for Judgment on the Pleadings, the Magistrate conclusively determines Defendants' conduct was not race-based and extrapolates inadmissible, isolated bits of evidence rather than viewing the factual allegations and exhibits in their totality. The Magistrate points to the fact that no witness stated that Pettis treated officers differently because of race as dispositive of Plaintiffs' claims. But Defendants cannot rely on inadmissible hearsay materials to prove a contested factual issue on the merits of the claims and the Magistrate certainly cannot do so when deciding on a motion for judgment on the pleadings. As the Magistrate notes, when assessing a hostile work environment claim, courts consider the totality of the circumstances.20 Such consideration was not afforded to Plaintiffs in this case.

---

18 Doc #: 23 at 45.
19 623 F. App'x 730, 735 (6th Cir. 2015).
20 *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998) (citing Harris, 510 U.S. at 23).

### IV. Plaintiffs Have Pled Viable Retaliation Claims under Title VII

The Magistrate erred in concluding no reasonable person would believe Plaintiffs' allegations contained in Plaintiffs' internal complaints constitute an unlawful racially or sexually hostile work environment. In order to reach this conclusion, the Magistrate had to improperly decide, or utterly disregard, disputes of material fact. First the Magistrate disregards completely, by refusing to accept as required by the legal standard, the material allegations of disparate treatment of Pettis and Pettis's request for Plaintiffs' transfer. These allegations, among others, evidence the race and sex-based hostile work environment and a reasonable person could believe as much.

Again, the Magistrate relies on the erroneous conclusion that none of the Plaintiffs' allegations suggest, nor raise an inference, that Defendants abusive and harassing comments and actions were based on Plaintiffs' race or sex. For the same aforementioned reasons, the Magistrate's determination as to Plaintiffs' retaliation claims is improper, in violation of the legal standard for a judgment on the pleadings and, accordingly, should be vacated.

### V. Plaintiffs Have Pled Viable First Amendment Claims

The Magistrate improperly concluded Plaintiffs' First Amendment claims must fail because the content of their speech was not a matter of public concern and they were not speaking as private citizens. If speech is clearly owed to plaintiff's responsibility as a government employee, then the speech was pursuant to her official duties and not made as a citizen.[21] In analyzing this issue, the Magistrate refers almost exclusively to the speech

---

[21] *Holbrook v. Dumas*, 658 F. App'x 280, 288 (6th Cir. 2016).

contained in Plaintiffs' internal complaints. Because the setting of the speech and its audience is a factor relevant to determining whether speech was made pursuant to official duties, this is a mistake.[22]  Plaintiffs requested permission from Defendants – their supervisors--to speak to the media about their lawsuit, and Defendants rejected their request, without reason and based on Plaintiffs' race.

Plaintiffs' speech was not as the Magistrate claims merely about "command decisions" and done only pursuant to their employment. The fact that Plaintiffs' speech was, in part, on City of Cincinnati Department letterhead is not in anyway dispositive. Employment issues are not conclusively independent and exclusive of issues which are of public concern. Indeed, Plaintiffs' complaints and allegations are not solely related to employment but also the discriminatory and abusive treatment by a fellow citizen. Certainly, at this very tense and important time in our nation's history allegations of race and sex-based harassment are of great public concern. Moreover, given the current climate in our nation race and sex-based behavior within the police department is especially concerning. It is not merely "unprofessional conduct," as the Magistrate has erroneously concluded, which is alleged but rather a deeper matter racially motivated behavior which is of public concern.  Of course, in order to understand Plaintiffs' publicly concerning claims of harassment in violation of Title VII, one must accept Plaintiffs' allegations of the like which the Magistrate, in the Report and Recommendation, repeatedly failed to do.

---

[22] *Handy-Clay v. City of Memphis, Tenn.,* 695 F.3d 531, 540 (6th Cir. 2012).

## VI. Conclusion

In deciding a motion for judgment on the pleadings, the court is required to construe all factual allegations in favor of the nonmovant party and grant the motion *only* if the moving party is nevertheless clearly entitled to judgment. In granting the Defendants' Motions for Judgment on the Pleadings, the court utterly failed to adhere to the standard of review for such motions. For this reason and in accordance with the foregoing, the Court should vacate the Magistrate's Decision and permit Plaintiffs to proceed on the claims set forth in the Complaint.

Respectfully submitted,

*/s/Zachary Gottesman*
Zachary Gottesman (0058675)
Gottesman & Associates, LLC
Trial Counsel for Plaintiffs
404 East 12th St., First Floor
Cincinnati, OH 45202-7463
T: 513-651-2121
F: 513-651-2131
zg@zgottesmanlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on Aug. 27, 2020, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. No copies of this filing are being mailed to any parties, as all parties are currently being served via the Court's electronic filing system and thereby may access this filing through that system.

*/s/ Zachary Gottesman*
Zachary Gottesman (0058675)