# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Tamera Brown, et al., | : | Case No. 1:18cv412 |
| Plaintiffs, | : | Judge McFarland |
| | | Magistrate Judge Litkovitz |
| v. | : | **DEFENDANTS'** |
| | | **MEMORANDUM IN** |
| City of Cincinnati, et al., | : | **RESPONSE TO PLAINTIFFS'** |
| | | **OBJECTIONS TO REPORT** |
| Defendants. | : | **AND RECOMMENDATION** |

Pending are motions for judgment on the pleadings filed by defendants City of Cincinnati, Mayor Cranley, Captain Pettis, Mr. Duhaney, Mr. Black, and Chief Isaac. (Docs. 37 and 38). The Magistrate Judge entered a Report and Recommendation (Doc. 50), recommending that the motions be granted. Plaintiffs filed objections. (Doc. 53). Defendants hereby submit their response to the objections. Defendants request that the Court overrule the objections, adopt the Report and Recommendation, grant the pending motions, and dismiss all claims.

## I. Background

The Magistrate Judge's recitation of the relevant facts (Doc. 50, PageID 626-633) draws on the allegations set forth in plaintiffs' 157-page second amended complaint, over 130 pages of which consist of exhibits of internal complaints, internal memoranda, investigation reports, and Ohio Civil Rights Commission (OCRC) charges. (Doc. 23). To recap,[1] plaintiffs Tamera Brown and Joy Ludgatis are

---

[1] Specific paragraph references to the Complaint are not included here but are included in the Magistrate Judge's Report and Recommendation (Doc. 50, PageID 626-633), as well as in defendants'

white female Cincinnati police officers who did not like the way their African-American female supervisor, Lieutenant (now Captain) Danita Pettis, handled a shots-fired incident at their police district; who complained internally about both the supervisor's handling of the shots-fired incident and her "belligerently aggressive" treatment of them for "questioning her authority;" who were subsequently transferred along with Lieutenant Pettis from that district with no loss of pay (or any alleged loss of rank or benefits) at the request of an officer who is not a defendant here; who did not assert in their internal complaints that race or sex was a factor in the complained-of conduct; and who yet maintain that their treatment constitutes a hostile work environment under Title VII and state law.

In their pleadings, plaintiffs also seek to overturn decades-old consent decrees addressing promotions within the department even though neither of them ever sought promotions. They also assert they are the victims of a racial double standard who were denied permission to speak with media outlets because of their race, while attaching to their pleadings documents showing that their African-American supervisor was also denied permission to speak with media outlets. Plaintiffs claim entitlement to compensatory and punitive damages, injunctive relief, and termination of the consent decrees.

## II. Summary of the Magistrate Judge's Recommendations

In her Report and Recommendation, the Magistrate Judge found defendants' Rule 12(c) motions well taken under the applicable standard for review and

---

initial memoranda in support of their motion for judgment on the pleadings. (Doc. 38, PageID 526-532).

2

recommended that their motions be granted. (Doc. 50). Specifically, she noted that plaintiffs' hostile work environment claims under Title VII and state law warranted dismissal because they failed to allege facts raising an inference that they were treated unlawfully based on their race and sex; failed to allege facts showing that the complained-of conduct was sufficiently severe or pervasive; and failed to allege facts showing that any complained-of double standards in discipline or other terms of employment affected them personally. (Doc. 50, PageID 636-644).

Similarly, the Magistrate Judge found that plaintiffs' retaliation claims under Title VII and state law failed as they failed to allege facts showing they engaged in any protected activity. (Doc. 50, PageID 644-647). The Magistrate Judge also found plaintiffs' First Amendment claims to contain insufficient factual content to proceed beyond the pleadings stage as their internal complaints revolved around disputed personnel decisions and plaintiffs' grievances against their supervising officer and not matters of public concern. (Doc. 50, PageID 647-651).

### III. Standard of Review

The Magistrate Judge Act, 28 U.S.C. § 631 et seq., provides for *de novo* review by the District Court of timely-filed objections to a Magistrate Judge's report and recommendation. Objections must be specific, however. Generalized objections that do not sufficiently "specify the issues of contention" do not satisfy that requirement. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Furthermore, objections "disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore

3

insufficient." *Stamtec, Inc. v. Anson*, 296 Fed. Appx. 518, 520 (6th Cir. 2008), citing *Miller* at 380. In addition, restating prior arguments does not qualify as a proper objection. See, e.g., *Holl v. Potter*, No. C-1-09-618, 2011 U.S. Dist. LEXIS 104581 (S.D. Ohio 2011), ¶ 3.

## IV. Plaintiffs' Objections

Plaintiffs' objections focus on the trivial and immaterial and are little more than a rehash of their prior arguments. As such, they have already been adequately considered and disposed of by the Magistrate Judge under the correct controlling principles of law.

### A. Plaintiffs do not object to the Magistrate Judge's key findings with respect to their Title VII and state law claims

Plaintiffs do not object to the Magistrate Judge's key findings that the internal complaints they filed following the shots-fired incident and prior to their transfer did not mention race or sex as a motivating factor in their purportedly adverse treatment. With respect to the Magistrate Judge's findings that their purportedly adverse treatment was not sufficiently severe and pervasive as required under their chosen theories of recovery, plaintiffs object but only by maintaining, without any basis, that their allegations show the complained-of conduct was sufficiently "continuing in nature" to survive dismissal at this stage. In citing *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 333 (6th Cir. 2008) for their contention, they show just how correct the Magistrate's analysis is. *Hawkins* concerns a serial harasser at a brewery whose conduct towards his victims included "ongoing and continual" acts including graphic and sexually explicit comments, unwelcome physical contact, conducted repeatedly to the point where one of the victims "got sick of telling him to stop," where the acts occurred not just on multiple occasions but seemingly "all the time" until they felt like a "campaign of harassment" culminating in the defendant allegedly setting fire to one victim's car.

The Magistrate was correct in finding plaintiffs' allegations to fall short of what is necessary to meet the severe-and-pervasive threshold, and furthermore, it is not for the Court to conjure missing objections on plaintiffs' behalf or read more allegations into the pleadings than what plaintiffs have set forth. Plaintiffs' hostile work environment and retaliation claims therefore warrant dismissal.

5

### B. Plaintiffs Want the Court to Speculate and Conjure Facts on Their Behalf

Plaintiffs have been afforded ample opportunity to formulate pleadings that allege an actual case or controversy. Yet, in their second amended complaint, in their briefing, and now in their objections to the Magistrate Judge's Report and Recommendation, they continue to urge the Court to suspend the customary rules governing standing and injury. The Magistrate Judge very clearly pointed out to plaintiffs that, in complaining of race-based policies that plaintiffs allege create a double standard for promotions, discipline, and other work conditions, plaintiffs fail to show how those policies ever applied *to them specifically*. (Doc. 50, PageID 643).

In response, plaintiffs essentially point to "this tense and very important time in our nation's history" as justification for giving them a pass on the customary requirement to show injury and standing. (Doc. 53, PageID 670). Remarkably, plaintiffs assert that, "given the current climate," the Court should suspend the usual pleading standards and presume that allegations by white officers of "unprofessional conduct" on the part of African-American supervising officers are tantamount to allegations of "deeper matter [sic] racially motivated behavior which is of public concern [sic]." (Doc. 53, PageID 670). Plaintiffs' view is untenable and their invitation should be rejected. The Magistrate Judge's Report and Recommendation is based on firm precedent that plaintiffs largely do not challenge. Where they do attempt to do so, they cite to cases that instead show that the Magistrate is correct. For example, they cite to *Handy-Clay v. City of Memphis*, 695 F.3d 531 (6th Cir. 2012) to argue that they were speaking as public citizens, not as

6

government employees, despite their own pleadings showing their engagement in the "quintessential employee beef" replete with statements "up the chain of command." *Id.* at 540. Similarly, plaintiffs rely on *Holbrook v. Dumas*, 658 Fed. Appx. 280 (6th Cir. 2016) for the same proposition, but there as well the case works squarely against them. *Id.* at 288 (observing ordinary scope of plaintiff fire official's duties, the impetus for his speech, the setting, the audience, and the subject matter of the speech to determine the speech was not protected). Their objections fail to show how the Magistrate Judge erred in a manner that calls for rejection of her Report and Recommendation.

## V. Conclusion

For the foregoing reasons, the Court should adopt the Magistrate Judge's Report and Recommendation and dismiss defendants from this action.

Respectfully submitted,

ANDREW W. GARTH (0088905)
INTERIM CITY SOLICITOR

*s/ Shuva J. Paul*
Shuva J. Paul (0088484)
801 Plum Street, Suite 214
Cincinnati, Ohio 45202
(513) 352-4551
shuva.paul@cincinnati-oh.gov
*Trial Attorney for Defendants*

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 1, 2020, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  No copies of this filing are being mailed to any parties, as all parties are currently being served via the Court's electronic filing system and thereby may access this filing through that system.

                                              *s/ Shuva J. Paul*
                                              Shuva J. Paul (0088484)